**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **JIMMIE MARK PARROTT,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:19-CV-214-JDK-JDL |
| **MICHAEL SIZEMORE, ET AL.,** | § § | |
| Defendants. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jimmie Mark Parrott, an inmate proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On July 13, 2020, the Magistrate Judge issued a Report and Recommendation (Docket No. 53) recommending that Defendant Sizemore's motion to dismiss (Docket No. 45) be granted for Plaintiff's failure to state a claim upon which relief may be granted. *Id.* at 12. Plaintiff filed objections on August 7, 2020, and additional objections on August 14, 2020. Docket Nos. 54, 56.

In his objections, Plaintiff argues that Defendant Sizemore was personally involved in the alleged constitutional violations because "Defendant Sizemore holds a job position and description consistent to more than duties required of administration [and] plays a very important role in provisions of medical care and treatment to prisoners." Docket No. 54 at 2–3. Plaintiff also argues that Sizemore was "personally involved in denying treatment from doctors . . . by ordering medical staff to deny . . . appointments which were scheduled because he wanted [Plaintiff] away from the Powledge Unit." *Id.* at 4.

The Court overrules Plaintiff's objections. The Magistrate Judge properly concluded that practice managers like Sizemore have purely administrative roles and do not have a supervisory role or authority over medical personnel. *See, e.g.*, *Tijerina v. Stanley*, No. 5:16-cv-102, 2019 WL 1396964, at *6 (E.D. Tex. Mar. 28, 2019). Moreover, the "processing of Plaintiff's grievances does not impute any type of liability to them." *Id.* Plaintiff's conclusory allegations that Sizemore was personally involved in denying treatment to Plaintiff and that Sizemore ordered medical staff to deny scheduled appointments are insufficient. But even if Sizemore had a supervisory role, Plaintiff cannot show that he acted with deliberate indifference. Plaintiff's pleadings show that he was scheduled for three appointments with the ortho-spine clinic at a hospital (Docket No. 14, Ex. 2 at 6–13), that he had "restrictions assigned to limit [his] lifting, walking, and climbing," (*Id.* at 13), and that he was prescribed two different pain medications (*Id.* at 6, 13).

This Court has conducted a careful *de novo* review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1) (the district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Having made a *de novo* review of the objections raised by Plaintiff to the Magistrate Judge's Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. The Court therefore adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (Docket No. 53) be **ADOPTED**. It is further

**ORDERED** that Defendant Michael Sizemore's motion to dismiss (Docket No. 45) is **GRANTED** and Plaintiff's claims against the Defendant Michael Sizemore are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that the statute of limitations on Plaintiff's state law claims is **SUSPENDED** for a period of thirty days following entry of the judgment of dismissal. 28 U.S.C. §1367(d).

So **ORDERED** and **SIGNED** this **21st** day of **August, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE